IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | |
| -vs- ) | Criminal No. 05-297 |
| ) | |
| CORRY GREEN, ) | |
| ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Chief District Judge.

## **MEMORANDUM OPINION and ORDER**

In this matter, Defendant Green was indicted for three counts of violating 18 U.S.C. 513(a)).[1]  She pleaded guilty to Count I, and accepted responsibility for the remaining Counts.  Previously, I invalidated the plea agreement due to the parties' conflict over restitution issues. The Government has filed a Motion for Reconsideration of that decision.

Pursuant to statute, "[t]he court shall...order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense." 18 U.S.C. § 366A(a)(3).

---

[1]The "pattern" implicated in the restitution issue is that identified in the parties' agreement. Therefore, although Defendant correctly notes that lack of pattern as an element of the offense of conviction, that absence is immaterial.

1

In this case, the plea agreement contains the following provision:

> Because the offense of conviction was part of a pattern of criminal activity, restitution is not limited to the offense of conviction. The Court may order that restitution be paid to any victim, person, or party directly harmed by Corry Green's criminal conduct in the course of the pattern.

Plea Agreement, p. 4.

It further provides that "The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law." Id. The parties also entered into a non-binding stipulation that the loss associated with all charged and relevant conduct would not exceed $5,000.00. Id.

Defendant, therefore, agreed to make restitution to others directly harmed by her in the course of the pattern of her criminal conduct, and further delegated to me the authority to identify who shall receive such redress. See, e.g., United States v. Peterson, 268 F.3d 533 (7th Cir. 2001).

In a similar vein, Defendant's argument based on United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), is unavailing. The United States Court of Appeals for the Third Circuit has determined that "an order of restitution based on [judicial] fact-finding does not violate a defendant's Sixth Amendment rights," or run afoul of Booker. United States v. Leahy, No. 03-4490, 2006 U.S. App. LEXIS 3576, at **23-29 (3d Cir. Feb. 15, 2006).

THEREFORE, this **10th** day of March, 2006, it is Ordered that the Government's Motion for reconsideration (Docket No. 35) is GRANTED.

It is further Ordered that hearing in this matter, for proceedings consistent

with this Memorandum Order, is scheduled for Wednesday, March 22, 2006, at 3:00 P.M., before the undersigned.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,

Chief U. S. District Judge